Begolli v. Holder

BIA
Weisel, IJ
A087 651 206/207

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand fourteen.

PRESENT:

      JOSÉ A. CABRANES,
      DENNY CHIN,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

ULIKS BEGOLLI, RREZARTA BEGOLLI,
AKA REZARTA HALITI,
      *Petitioners,*

      v.                       13-145
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONERS:      Joshua Bardavid, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Brendan P. Hogan, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Uliks and Rrezarta Begolli, natives of the former Yugoslavia and citizens of Kosovo, seek review of a January 4, 2013, decision of the BIA affirming the April 7, 2011, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied Uliks Begolli's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Uliks Begolli, Rrezarta Begolli*, Nos. A087 651 206/207 (B.I.A. Jan. 4, 2013), *aff'g* Nos. A087 651 206/207 (Immig. Ct. N.Y. City Apr. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 151, 156-57 (2d Cir. 2005).

To establish eligibility for asylum or withholding of removal, an applicant must show past persecution, or a fear of future persecution, on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). Opposition to government corruption may constitute a political opinion, and retaliation for expressing that opinion may amount to political persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir. 2005). In considering whether opposition to corruption constitutes a political opinion, two questions to consider are whether: (1) "the applicant's actions were directed toward a governing institution, or only against individuals whose corruption was aberrational"; and (2) "the persecutor was attempting to suppress a challenge to the governing institution, as opposed to isolated, aberrational acts of greed or malfeasance." *Rodas Castro v. Holder*, 597 F.3d 93, 101 (2d Cir. 2010) (internal quotations omitted).

Substantial evidence supports the agency's conclusion that Begolli's fear of harm does not amount to a fear of retaliation based on his political opinion. *See* 8 U.S.C. § 1252(b)(4)(B). Begolli was not engaged in any challenge

3

to state corruption, but rather was harmed by individuals who objected to his professional decisions regarding whether to finance particular projects.  Moreover, Begolli explicitly stated that he was not politically active, and that his privatization work was not political.  Accordingly, the agency reasonably concluded that Begolli had not shown he was persecuted on account of his actual or imputed political opinion of opposition to corruption.  *See Rodas Castro*, 597 F.3d at 101.

On appeal to the BIA, Begolli submitted new evidence regarding his eligibility for relief based on membership in a particular social group of those who work in furtherance of privatization, which the BIA construed as a motion to remand, and denied because the evidence did not establish Begolli's prima facie eligibility for asylum.  *See Li Yong Cao,* 421 F.3d at 156.  The BIA did not abuse its discretion in denying the motion to remand, as working in the area of privatization in Kosovo is not a fundamental characteristic which Begolli cannot or should not be required to change.  *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007).  *Cf*. *Gashi*, 702 F.3d at 136-37 (holding that "a group consisting of potential witnesses against [Kosovo Liberation

4

Army commander Ramush] Haradinaj" shared characteristics that were "both immutable and visible in the Kosovar society" so as to satisfy the legal elements of a particular social group).

Finally, the agency did not err in denying CAT relief, because Begolli presented no particularized evidence that he would be tortured by or with the acquiescence of the Kosovo government. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5